[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 31, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-17009

_____

D. C. Docket No. 05-00514-CV-FTM-33-DNF

FRANK RAFAEL ENRIQUEZ,

Petitioner-Appellant,

versus

FLORIDA PAROLE COMMISSION,
FLORIDA DEPARTMENT OF CORRECTIONS,
STATE OF FLORIDA,
VARIOUS JOHN DOES,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 31, 2007)**

Before CARNES and WILSON, Circuit Judges, and STAGG*, District Judge.

PER CURIAM:

Without requiring an answer from the respondents, the district court summarily dismissed the federal habeas petition in this case on Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746 (1971), grounds. A petition should be dismissed without requiring an answer only "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Fed. Hab. R. 4; see also Blackledge v. Allison, 431 U.S. 63, 75–76, 97 S.Ct. 1621, 1630 (1977). Construing the petition liberally, as we are required to do because it was filed pro se, Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594 (1972), we cannot say that the Younger issue is simple enough that the petition did not deserve the greater attention that would have come in non-summary proceedings.

It also appears from the respondents' two briefs in this Court that there may be other defenses that they wish to raise, if given a chance to plead them, and that those defenses, or even a decision on the merits, may provide a more clear cut resolution than the one the district court chose without the benefit of a response to the petition. We cannot say for sure because the record at this stage is skimpy, the petition is ambiguous in several key respects, and we do not have the benefit of a

*Honorable Tom Stagg, Senior United States District Judge for the Western District of Louisiana, sitting by designation.

fuller treatment of the various issues by the district court. Finally, since this case left the district court an Assistant Federal Public Defender has undertaken to represent the petitioner, and a decision at the district court level will benefit from her able assistance. An amendment to clarify the petition would be a good first step.

For these reasons, we vacate the district court's order summarily dismissing the habeas petition and remand the case for further proceedings and a fuller treatment of the case. In doing so, we neither express nor imply any view about the proper resolution of the Younger issue or any other issue that arises from any amendment to the petition or from the respondents' answer.

**VACATED AND REMANDED.**[1]

---

[1]This case was originally scheduled for oral argument, but it was decided without argument pursuant to 11th Cir. R. 34-3(f).